

APR 1 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 1 4 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SHEILA A. MANNIX, individually and as next friend of KEVIN MANNIX SHEETZ and BRIAN SPERRY SHEETZ | ) | Case No. **08 C 1883** |
| Plaintiffs, | ) | Emergency Judge Matthew F. Kennelly |
| | ) | Presiding Judge Milton I. Shadur |
| v. | ) | Magistrate Judge Michael T. Mason |
| DANIEL P. SHEETZ, SR. Defendant. | ) | Jury Demand Requested |

---

**VERIFIED MOTION TO RECONSIDER THE ORDER OF EM. JUDGE KENNELLY**

**ENTERED ON 4/2/08 AND AMEND IN CO-DEFENDANTS**
**FRCP Rule 65, 18 U.S.C. §§ 1961-1968, 18 U.S.C. §§ 1512 and 1513**
**28 USC 455: Disqualification of judge**

---

**COME NOW**, on this 14th day of April 2008, the Plaintiffs, SHEILA A. MANNIX (hereinafter, "Dr. Mannix"), KEVIN MANNIX SHEETZ (hereinafter, "Kevin"), and BRIAN SPERRY SHEETZ (hereinafter "Brian") (hereinafter collectively "Plaintiffs"), as and for their **Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants,** to respectfully move the Court (1) to self-evaluate his ability to adjudicate this public interest matter with impartiality, (2) to reconsider and reverse his order of April 2, 2008 which denied the Plaintiffs' emergency relief for temporary restraining order to enjoin the Defendant and those acting in conspiracy with him from further proceedings in the Plaintiffs' Cook County case pending the filing of their civil RICO complaint in light of the immediate and imminent ongoing criminal retaliation against the Plaintiffs as evidenced by the

immediate retaliation against the Plaintiffs on April 3, 2008 by Cook County Judge Eileen M. Brewer who is apparently involved in the verified illicit interstate organized crime enterprise operating in the Family Court in the Daley Center, and (3) to amend in co-defendants. In support thereof, the Plaintiffs have filed **Affidavit of Sheila A. Mannix in Support of Plaintiff's Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants and Verified Motion to Reconsider the Minute Order Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. 4: Misprision of Felony** and state as follows:

## INTRODUCTORY STATEMENT

### Request for Self-Evaluation under 28 USC 455: Disqualification of Judge

1. That the recorded proceedings before Emergency Judge Kennelly on April 2, 2008 evidence a question of his ability to adjudicate this public interest matter with impartiality.

2. During the proceeding, Dr. Mannix revealed the organized crime element in the underlying civil RICO cause of action which is detailed in Exhibit F, a document in the Lake County Recorder's Office, attached to the underlying emergency application for temporary restraining order and which affidavit states at Page 5, Paragraph 20:

> **"20. I am of information and belief that I have been unable to find a state or federal trial, appellate, or supreme court judge to uphold my teenaged sons' and my constitutional and civil rights and liberty interests as well as enforce binding state and federal civil and criminal laws in my family's post-divorce case and protection order cases because of the apparent involvement of multiple Circuit Court of Cook County judges in an interstate organized crime family enterprise involving the Sucato Family and the Maricopa County Recorder's Office in Arizona about which I testified under oath on October 13, 2006 in the Cook County Case No. 98 CH 11007, Mary Carr and Mario D'Agostino v Michael Lynch, et al."**

3. That Dr. Mannix intimately appreciates the burden of this public interest matter involving organized crime as she awakes each day with the pray on her lips to be given the strength to do

her civil and moral duty and find the willingness to sacrifice her life in the service of Love on behalf of the nation's suffering children, including her own sons, as any true patriot of democracy and loyal, lawful, non-violent lover of our great US Constitution would do for the nation's disenfranchised child-victims of crimes "**cognizable by a court of the United States**" under 18 U.S.C. §§ 1961-1968 and 18 U.S.C. § 4.

4. In support of her request for self-evaluation, Dr. Mannix respectfully quotes Richard Goodwin, past presidential advisor to JFK and LBJ, Promises to Keep, A Call for a New American Revolution (1992):

> **Those who have acted to diminish the nation - businessmen, bankers, politicians, and others who possess public power - have forfeited their claim to leadership. The organs of representative democracy themselves seem increasingly impotent to fulfill their constitutional obligations. They have been paralyzed, in part corrupted, by powerful interests that aggrandize themselves at the expense of the public good. The very political structures designed to prevent the abuse of the many by those factions that control concentrated wealth and private power have become their servants and accomplices in the deterioration of American life. They have demonstrated their incapacity to govern in accordance with the principles that brought us greatness…**
>
> **The grandson of immigrants who fled poverty, persecution, and hopelessness, I was given the opportunity to attend some of America's finest schools, and in my twenties, to serve in the White House as assistant special counsel to the President of the United States... I never forgot - no one could forget - how much the descendents of my immigrant ancestors, including myself and my children, owe this wonderful country to which we belong... As the times have changed, so have the necessities and direction of public action. I return to the 1960s of my youth only in memory. It was a time, like few other moments in America, when many believed that history itself could be bent to the just needs of humanity. I believe that still. Thus, now, many years later, with words my only weapon, I labored to write this modest and incomplete essay in hopes of arousing others to a quest for healing change. Not from a sense of obligation. But out of love - love for this great country, and a belief in its possibilities equal to that which has brought so many millions to the shore of hope.**

5. That Dr. Mannix respectfully and humbly requests that Em. Judge Kennelly self-evaluate his ability to adjudicate this public interest matter with impartiality in light of the supported, well-pled facts of the case, the immediate criminal retaliation evidenced on April 3, 2008, his Oath of Office, and binding authorities.[28 U.S.C. § 455, "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned;" U.S. v. Antar, 53 F. 3d 568 (3rd Cir. 1995), "…By the statutory language itself, though, Section 455(a) mandates an objective rather than a subjective inquiry… 'The Judge does not have to be subjectively biased or prejudiced, so long as he *appears* to be'… But in determining whether a judge had the duty to disqualify him or herself, our focus must be on the reaction of the reasonable observer. If there is an appearance of partiality, that ends the matter;" Rice v. McKenzie, 581 F.2d 1114 (4th Cir. 1978), "The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances… Our task, then, is to determine whether a reasonable person would have had a reasonable basis for doubting the judge's impartiality …we cannot be influenced by our own faith in the integrity of a particular judge… The inquiry begins and ends with a determination whether a reasonable person would have had a reasonable basis for doubting the judge's impartiality;" Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)]

**BACKGROUND**

6. On April 2, 2008, Plaintiffs filed their Emergency Complaint for Application for Temporary Restraining Order Without Notice and Preliminary Injunction, under FRCP Rule 65, 18 U.S.C. §§ 1961-1968, and 18 U.S.C. §§ 1512 and 1513, seeking emergency protection and

relief from criminal retaliation by the Defendant and those acting in conspiracy with him in the

family's post-divorce case in the Circuit Court of Cook County, while they file their civil RICO

complaint within 90 days. [Dkt. No. 1]  The emergency action stated in the preamble, "to

respectfully move the Court (1) to issue a temporary restraining order without notice *instanter*

due to criminal retaliation against the Plaintiffs enjoining the Defendant from further proceedings

under Cook County Case No. 93 D 2984, et al, including the proceeding scheduled for tomorrow

April 3, 2008."

7.  Additionally, on April 2, 2008, Plaintiffs' filed a Motion for Appointment of Counsel

with attached In Forma Pauperis Application and Financial Affidavit. [Dkt. Nos. 4 and 5]

8.  On the afternoon of April 2nd, after argument, Emergency Judge Kennelly found that no

irreparable harm would occur before the 9:30 a.m. court call of the state case on the following

morning.  He denied the TRO, entered the motion for preliminary injunction, and continued the

matter for hearing before assigned Judge Shadur at 9:15 a.m. on the 3rd. [Dkt. No. 6]

9.  On April 3, 2008, while Dr. Mannix was appearing before assigned Judge Shadur, with

full knowledge that Dr. Mannix was not able to appear before her [**Exhibit A**] and in the

presence of defendant's attorney's Mitchell Asher and Steven Rissman, and court-appointed

attorney, David Wessel, Cook County Judge Eileen M. Brewer entered a void order striking

Plaintiffs' pleadings unlawfully languishing at issue since 2005 before the late Judge James G.

Donegan, which pleadings represent over **$400,000** due to the Plaintiffs.

10. That Plaintiffs' emergency application for relief attached evidence that Cook County

Judge Eileen M. Brewer is apparently involved in the verified illicit interstate organized crime

enterprise operating in the Family Court in the Daley Center in violation of federal RICO law in

which the late Judge Donegan was involved pursuant to the First District Appellate Court opinion issued on February 27, 2008 regarding Dr. Mannix's testimony in Case No. 98 CH 11007 on October 13, 2006, specifically, "she (Dr. Mannix) **produced direct evidence** regarding several other judges' involvement in the bribery scheme," [Page 8, last paragraph; Emphasis added.] Judge Donegan was one of the judges Dr. Mannix named during her testimony which led to the above finding.

11. Due to Judge Brewer's gross acts of misconduct on July 27, 2007 and August 1, 2007 in her adjudication of two cases which were before the late Judge Donegan at the time of his death on or about March 3, 2007, Case No. 00 D 4868, Quigg v. Broderick f/n/a Quigg, and the Plaintiffs' case, Dr. Mannix requested a preliminary investigation of Judge Brewer by an organized crime family informant who provided Dr. Mannix with a document apparently linked with Judge Brewer which is found in the above-referenced Exhibit F at page PR036, specifically, an illicit pure trust document from the Maricopa County Recorder's Office entitled, "Sundance Asset Fund."

12. Dr. Mannix informs this Court that Ms. Broderick in Cook County Case No. 00 D 4868 is a co-member in the lawful, volunteer, non-profit organization that Dr. Mannix co-founded in June 2005, Illinois Family Court Accountability Advocates (IFCAA). Further noting that while her state case was recently removed to federal jurisdiction [USDC Case No. 08 C 0092], Judge Brewer knowingly entered orders in *ex parte* proceedings in the clear absence of all jurisdiction on January 7, 2008, January 25, 2008, and February 6, 2008, which included (1) a void order entering a plenary order of protection against Ms. Broderick based on perjury and subornation of perjury, and conspiracy to commit same, by the petitioner and his attorney, and (2) a void order

allowing the court-documented abusive father to take the parties' four young minor children out of the state of Illinois in direct criminal retaliation against Ms. Broderick and her children for Ms. Broderick not submitting to Judge Brewer's criminal actions against her on December 20, 2007 involving her IFCAA co-member, Dr. Mannix. [Ms. Broderick executed an affidavit regarding same but is too afraid of further criminal retaliation against her and her children to submit it at this time.] Said criminal acts evidenced putting Mr. Broderick under oath and then harassing her, threatening her, intimidating her, and coercing her under the duress of false incarceration if Ms. Broderick did not state the falsehood that Dr. Mannix is practicing law without a license.

13. Further stating, Plaintiffs have filed a **Verified Motion to Reconsider the Minute Order Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. 4: Misprision of Felony**, in part, due to Judge Shadur's statements from the bench regarding Operation Greylord, multiple judges' incarcerations, and the US Attorney, noticed for presentation on April 18, 2008, which is incorporated herein by reference in entirety.

14. Lastly, despite the fact that the Plaintiffs sought a TRO **without notice** due to imminent, immediate and irreparable injury, harm, loss, and /or damage in ongoing acts of criminal retaliation against them, Dr. Mannix informs this Court that due to this Court's ruling on the afternoon of April 2, 2008, she informed the Lake County judge and respondent's counsels, Mitchell Asher and Charisse Bruno, that she would be in federal court, not Lake County court on the morning of April 3, 2008, and informed co-counsels that the Lake County judge delayed the day's scheduled proceedings to 1:30 p.m. Said Lake County proceeding subsequently took place with defendant's attorneys, Mr. Asher and Steven Rissman, present in court at which time the

defendant's attorneys handed to Dr. Mannix the retaliatory void order entered that morning by Cook County Judge Brewer in the presence of said informed attorneys. [**Exhibit B**; "best guess" transcribed copy included]

**REQUEST FOR REVERSAL OF APRIL 2, 2008 ORDER**

15. That this Court is a court of proper venue and jurisdiction over this federal question civil RICO action under 18 U.S.C. §§ 1961-1968 and 18 USC §§ 1512 and 1513.

16. On April 3, 2008, as Dr. Mannix had fully anticipated, despite full notification that Dr. Mannix, the unrepresented moving party in the day's proceedings, had an appearance scheduled in Lake County, specifically, "Further, **in the interest of the administration of justice**, I am actively seeking to enjoin proceedings in my family's Cook County case. Please find enclosed the following Courtesy Copy of a **Motion For Stay *Instanter*** that is set in Lake County on April 3, 2008 at 9:00 a.m.," [See Courtesy Copies Communication attached hereto as **Exhibit A**; Note that the stay had to do with an order regarding Plaintiffs' Lake County Petition for Order of Protection,], the Defendant's attorneys, Mitchell Asher and Steven Rissman, the court-appointed child representative David Wessel, and Judge Eileen M. Brewer conspired on behalf of the Defendant to conduct an *ex parte* proceeding and a void order was entered which irrefutably evidenced the criminal retaliation that Dr. Mannix had feared under **18 U.S.C. §§ 1512 and 1513** in her emergency action for protection and relief presented to this Court the previous afternoon as well as irrefutably evidenced ongoing violations of federal RICO law under the color of law in the state court proceedings.

17. Specifically, in the clear absence of all jurisdiction, Judge Brewer (a) further stripped Dr. Mannix, Kevin, and Brian's federally-protected and constitutionally-secured access to the court

without just cause or authority of law, (b) knowingly relied on the void order of the late Judge James G. Donegan entered on March 30, 2006, (c) knowingly violated mandatory statutory strictures which required her to transfer the case the another judge pursuant to Dr. Mannix's **Second Motion for Self-Disqualification of Judge Eileen M. Brewer or, In the Alternative, Second Verified Motion for Substitution of Judge for Cause for Conduct on 09/18/07 and 11/13/07** pending since December 10, 2007, (d) without authority of law due, in part, to Dr. Mannix's timely-filed, lawfully-served motion, **Motion to Vacate as Void the Order of Judge Eileen Brewer Entered on February 11, 2008 and Request for Stay Pending Criminal Investigation,** barred all of the Dr. Mannix's unadjudicated and at issue pleadings that had unlawfully languished in front of the late Judge Donegan in **excess of three years** and which were ordered to be set for hearing by an order entered by Judge Martin on June 28, 2007, (e) in direct violation of her own order of August 1, 2007, which ordered that before the order of Judge Martin would be obeyed, the matter of Judge Donegan's jurisdiction that Dr. Mannix had made at issue since **October 2005** [just before the children were judicially kidnapped by Judge Donegan in an act of retaliation in conspiracy with court-appointed attorney, David Wessel, and which issue has illegally languished for over two and one half years while the children have been criminally tampered with and retaliated against while held against their wills with the Defendant, a direct result of which Kevin almost died of a drug over-dose, Brian has been kept from his court-ordered special educational program, the children have been deprived medical care, the children have been criminally-endangered in a run-away attempt, and the Plaintiffs' lost their home to foreclosure among other irreparable harms, injuries, losses, and damages] must be

heard, and then (f) knowingly set a financial matter barred by the doctrines of *collateral estoppel* and *res judicata* for hearing on May 22, 2008.

18. The barred financial matter represents over $100,000 owed to Dr. Mannix as the result of an Illinois Supreme Court Rule 219 financial default order entered against the Defendant on October 19, 2004, one year before October 2005 when the late Judge Donegan lost jurisdiction over the case. Said April 3rd order of Judge Brewer evidences undeniable malicious, willful, and wanton deprivation of rights under the color of law and conspiracy to deprive rights under the color of law committed in the clear absence of all jurisdiction and in violation of non-discretionary, administrative, statutory strictures for which Judge Brewer has no judicial immunity as the her malicious actions fail the Two-Prong Test of same.

19. Judge Brewer's documented criminal acts against Dr. Mannix on September 18, 2007 and November 13, 2007, and against Ms. Rosemarie Broderick on December 20, 2007, which met the elements of violation of state and federal laws for intimidation and harassment of witnesses evaluated in aggregate with Judge Brewer's void order of April 3, 2008 leave little question that Judge Brewer is an actor in the racketeering enterprise operating in the Circuit Court of Cook County and is involved in the illicit interstate organized crime enterprise from which criminal enterprises the Plaintiffs had **specifically** sought emergency protection and leave to file their civil RICO complaint. The document found at PR036 in Exhibit F of Plaintiffs' emergency complaint was entered into the First District Appellate Court record on August 3, 2007 and apparently provoked Judge Brewer's aggressive criminal judicial retaliation against Dr. Mannix and Ms. Broderick on the three dates detailed above and on April 3, 2008.

20. Further, Dr. Mannix's Cook County **Motion to Vacate as Void the Order of Judge Eileen Brewer Entered on February 11, 2008 and Request for Stay Pending Criminal Investigation** and/or Lake County **Verified Motion to Invoke Mandatory Duty to Report Federal Felony Crimes and Attorney Misconduct**, both filed and served in March upon counsels, and the former served upon Judge Brewer on April 2, 2008, detail with material evidence federal felony criminal extortion over state lines for the fraudulent report of Jonathan Gamze, MD, addressed in the Plaintiffs' emergency complaint. The latter pleading states at Page 11, Paragraph 21, "No re-allocation order has ever been entered because such an order is barred by the October 19, 2004 SCR 219 financial default judgment against the respondent until he is current on all his court-ordered obligations which cannot be modified by the doctrines of *collateral estoppel* and *res judicata*."

21. The void order of April 3, 2008 evidences an established pattern of practice of actors in the Cook County racketeering enterprise who knowingly enter erroneous orders in direct violation of binding authorities to harass, harm, injury, damage, and tamper with litigant-victims of the criminal enterprise and to maliciously force them to the reviewing courts to further criminal impoverishment and the conspired deprivation of federally-protected, constitutionally-secured rights under the color of law with the reviewing courts.

22. Judge Brewer's order stripping the Plaintiffs' access to the court is especially criminal because Dr. Mannix learned from an organized crime family informant that the illicit funds accumulated for the actors in the illicit interstate enterprise in a particular case do not get released until the case is over, **thereby further establishing motive and intent for Judge Brewer's retaliatory, malicious, willful, and wanton misconduct on April 3, 2008**. Further:

a. Judge Brewer's refusal to enforce Judge Martin's order of June 28, 2007 directly resulted in the Plaintiffs' losing their home to foreclosure on August 15, 2007 and the loss of **$250,000** of equity in the property **[The Plaintiffs' financial losses as a direct result of the racket are well over $1,000,000.00**.]; and

b. The Defendant and all his co-conspirators are well aware that Kevin will be 18-years-old in four months at which time the Plaintiffs can seek help from the State's Attorney's Office and the Illinois Department of Healthcare and Family Services, Division of Child Support Enforcement to collect the tens of thousands of dollars of past-due child support they are owed by the Defendant.

23. Lastly, Dr. Mannix filed Lake County Recorder's Office Document 6324306 into the Cook County record on April 2, 2008 and, with an escort she sought from the Cook County Sheriff's Office because **she has been advised to not enter the Daley Center without protection** due to the irrefutable documentation of the criminal agenda to frame and falsely incarcerate her as a (now verified) victim, witness, and informant of the corruption occurring in the Daley Center courts, she provided Judge Brewer with a courtesy copy of the document in the public record as well as a courtesy copy of her timely-filed, well-pled **Motion to Vacate as Void the Order of Judge Eileen Brewer Entered on February 11, 2008 and Request for Stay Pending Criminal Investigation**, which detailed the fact that said motion statutorily stayed the void order of February 11, 2008 which ordered Dr. Mannix to appear on April 3, 2008 in an act of "coercion under duress." Judge Brewer's April 3rd, 2008 void order acknowledges the receipt of Dr. Mannix's Courtesy Copies Communication, namely, "Sheila Mannix failing to appear, she having notified this Court by letter," however the void order ***thunders with silence*** regarding the

motion lawfully staying the February 11, 2008 order and Lake County Recorder's Office Document 6324306 which is part of the public record and is directly admissible as evidence in evidentiary proceedings.

24. The Plaintiffs' have clearly established that immediate and irreparable injury, loss, harm and/or damage have occurred and will continue to occur if this Court's order of April 2, 2008 is not reversed and a temporary restraining order without notice is issued *instanter*. [Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000), "Any form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom;" Elrod v. Burns 427 U.S. 347 (1976), "It is clear therefore that First Amendment interests were either threatened or in fact being impaired at the time relief was sought. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury;" J.B. v. Washington County (10th Cir. 1997), "The forced separation of parent from child, even for a short time represents a serious infringement upon the rights of both;" In the Interest of A.W., a Minor (The People of the State of Illinois, Petitioner, Frances W., Respondent) 248 Ill.App.3d 971, 618 N.E.2d 729, 188 Ill.Dec. 159, "As expressed by the Supreme Court in Gault, "whatever may be their precise impact, **neither** the Fourteenth Amendment **nor** the Bill of Rights **is for adults only**."" (In re Gault (1967), 387 U.S. 1) [Emphasis added.]]

25. Lastly, that a temporary restraining order cannot be denied on a question of jurisdiction. [Mullinex, Redish, and Vairo, in Understanding Federal Courts and Jurisdiction (1998): "***Temporary Restraining Orders: The Anti-Injunction Act does not prohibit a federal court from issuing a temporary restraining order to preserve existing conditions while it determines***

***whether it has jurisdiction. Thus, a federal court may stay state proceedings temporarily while it considers whether the Act applies.*** (United States v. United Mine Workers of Am., 330 U.S. 258, 292-293 (1947), (p.404)"]

**REQUEST TO AMEND IN CO-DEFENDANTS**

26. At this juncture in the proceedings, the Plaintiffs respectfully request leave to amend in the following co-defendants:

a. Defendant Law Offices of Mitchell F. Asher and attorneys, Mitchell F. Asher, Steven J. Rissman, and Charisse A. Bruno, who practice law and do business out of a law office located at 157 N Brockway St., Palatine, IL 60067.

b. Defendant Law Offices of Hiese & Bush and attorney, Anna Marley Bush, who practices law and does business out of a law office located at 1300 S. Grove Ave., Suite 104A, Barrington, IL 60010.

c. Defendant Law Offices of Wessel & Doheny and attorney, David J. Wessel, who practices law and does business out of a law office located at 205 W. Randolph St., Suite 1630, Chicago, IL 60606.

d. Defendant Jonathan Gamze, MD, who practices medicine and does business out of a medical office located at 3800 N. Wilke Rd., Suite 160, Arlington Heights, IL 60004.

e. Defendant Eileen M. Brewer, who is doing business as a judge at the Circuit Court of Cook County, 3008 Richard J. Daley Center, 55 W. Washington St., Chicago, IL 60601.

     f. Defendant Karen G. Shields, who is doing business as an associate judge at the Circuit Court of Cook County, 2805 Richard J. Daley Center, 55 W. Washington St., Chicago, IL 60601.

g. Defendant Estate of James G. Donegan, c/o Leila T. Kulon, 190 La Salle, #1700, Chicago, IL 60603.

27. Plaintiffs reserve the right to amend in additional co-defendants as the law allows.

## CONCLUSION

28. Dr. Mannix, as an indigent, unrepresented, non-attorney litigant who is seeking representation for the Plaintiffs from the Court, is well aware that she cannot possibly create documents like a trained attorney, therefore she cites supporting authorities which acknowledge this fact and ruled that *pro se* pleadings are to be considered without undue focus on technicality, but rather **focus on substance** and **the just adjudication of the matter before the court**; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers. [Haines v. Kerner, 92 S.Ct. 594; Jenkins v. McKeithen, 395 US 411, 421 (1969); Picking v. Penna. Rwy. Co. 151 F.2d 240; Puckett v. Cox, 456 F.2d 233; Hughes v. Rowe, et. al. (1980), 101 S. Ct. 173]

29. Dr. Mannix asserts that the verified actions of the defendant in conspiracy with named (and as yet un-named) co-defendants clearly set forth herein, in Plaintiffs' **Verified Motion to Reconsider the Minute Order Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. 4: Misprision of Felony** incorporated by reference herein, and in the underlying emergency complaint represent **a clear and present danger to the administration of justice** in direct violation of federal RICO law as defined by 18 U.S.C. §§ 1961 and in direct violations of 18

U.S.C. §§ 1512 and 1513 resulting in immediate and irreparable injury, harm, loss and/or damage to the Plaintiffs, which warrant the granting of the Plaintiffs' relief in entirety *instanter*.

**PRAYER FOR RELIEF**

The Plaintiffs, SHEILA A. MANNIX, KEVIN MANNIX SHEETZ and BRIAN SPERRY SHEETZ, for reasons set for clearly herein, in good faith and for just cause and warranted in law and in fact and supported by affidavit, respectfully pray as follows:

[1] For an order giving Plaintiffs leave to amend in the co-defendants named herein;

[2] For an order reversing the ruling of 4/2/08 and issuing a temporary restraining order without notice *instanter* enjoining the Defendant and Co-Defendants from further proceedings under Cook County Case No. 93 D 2984, et al. [proposed order previously submitted];

[3] For an order granting the Plaintiffs leave to file a civil RICO complaint under 18 U.S.C. §§ 1961-1968 within 90 days;

[4] For an order directing Dr. Mannix to deliver all orders entered herein to the Defendant and named Co-Defendants by personal service by Monday, April 21, 2008, except that Defendant Estate of James G. Donegan shall be served by certified US Mail by Monday, April 21, 2008.

Date: April 14, 2008

Respectfully submitted,

[signature]

SHEILA A. MANNIX
1118 RFD
Long Grove, Illinois 60047
(847) 971-6679

SUBSCRIBED and SWORN to before me on this 14th day of April, 2008.

[signature: Elizabeth S. Miller]
NOTARY PUBLIC

OFFICIAL SEAL
ELIZABETH S. MILLER
Notary Public – State of Illinois
My Commission Expires 3/10/12

**SHEILA A. MANNIX, PHD**
*Clinical Psychologist – Neuroscientist – Educator*
**1118 RFD, Long Grove, Illinois 60047**
**(847) 971-6679**

**COURTESY COPIES COMMUNICATION**

Wednesday, April 2, 2008 Via Licensed Process Server

The Honorable Eileen M. Brewer
Domestic Relations Division
Circuit Court of Cook County
3008 Richard J. Daley Center
50 W. Washington St.
Chicago, IL 60602

Re: **Mannix v. Sheetz and Sheetz v. Sheetz Case No. 93 D 2984, et al.**

**COURT DATE: Thursday, April 3, 2008 at 9:30 a.m.**

To The Court and Counsels:

Pursuant to the Court's order of February 11, 2008, it is my understanding and belief that **Petitioner's Second Motion for Self-Disqualification of Judge Eileen M. Brewer or, In the Alternative, Second Verified Motion for Substitution of Judge for Cause for Conduct on 09/18/07 and 11/13/07** has been continued to Thursday, April 3, 2008 at 9:30 a.m.

Due to the First District Appellate Court opinion issued on February 27, 2008 in Cook County Case No. 98 CH 11007, Mary Carr and Mario D'Agostino v Michael Lynch, et al., at which I testified about the corruption in Chicago's family court and my family's case, Case No. 93 D 2984, et al, and about which the aforementioned opinion stated in pertinent part, "Although Mannix did not provide Lynch with any information regarding Judge White, she **produced direct evidence** regarding several other judges' involvement in the bribery scheme," [Page 8, last paragraph; Emphasis added.] **in the interest of the administration of justice,** I am formally requesting that Judge Brewer enter an order recusing herself from my family's case and removing the case to federal jurisdiction. To that end, please find enclosed a Notice of Filing and copy of Lake County Recorder's Office Document 6324306 entered into the public record on March 27, 2008.

Further, **in the interest of the administration of justice**, I am actively seeking to enjoin proceedings in my family's Cook County case. Please find enclosed the following Courtesy Copy of a **Motion For Stay *Instanter*** that is set in Lake County on April 3, 2008 at 9:00 a.m. In the event that this Court decides not to recuse and remove the matter to federal jurisdiction, may I please request a continuance of two months in this case pending the outcome of the interlocutory appeal as of right referenced in the aforementioned Lake County motion.

Ex A

Further, **in the interest of the administration of justice**, please find enclosed a notice of motion and Petitioner's **Motion to Vacate as Void the Order of Judge Eileen Brewer Entered on February 11, 2008 and Request for Stay Pending Criminal Investigation**, which I noticed up for April 3, 2008. May I please request that this motion be entered and continued for two months pending the outcome of my active attempts to stay proceedings in my family's Cook County case.

Respectfully submitted,

Sheila A. Mannix, PhD

CC: David Wessel and Mitchell Asher
BCC

Enclosures

EX A

**<u>"Best Guess" Transcription of Cook County Judge Brewer's Order of April 3, 2008</u>**

**<u>Note</u> that the order evidences undeniable fraud upon the court by officers of the court committed in an *ex parte* proceeding in the clear absence of all jurisdiction and in violation of non-discretionary, non-judicial, administrative and/or ministerial statutory strictures rendering the proceedings and the order void even prior to reversal and precluding judicial immunity.**

This cause coming on to be heard on the status of all pending matters + Sheila Mannix's second petition for self-disqualification of Judge Brewer + for other relief, Sheila Mannix having been ordered to appear before this court on this date at 9:30 a.m. by prior court order issued on 2/11/08, Sheila Mannix failing to appear, she having notified this Court by letter that she had filed a motion for this date in Lake County setting her Lake County motion on this date at the same time, counsel for Daniel Sheetz, M.F. Asher appearing in court + David Wessel, the court-appointed Child Rep of the parties' minor children appearing herein and the court having heard the arguments of counsel + being fully advised in the premises,

It is hereby ordered:

1. That Sheila Mannix is denied leave to file her second motion to disqualify Judge Brewer and for other relief.
2. That all of Sheila Mannix's previously filed petitions + motions are barred.
3. That Mitchell Asher as attorney for respondent + respondent + David Wessel as Child Rep do not have to answer any pleadings filed by Sheila Mannix in all pending matters or any new matters unless specifically ordered to do so by court order.
4. The attorneys for + respondent + David Wessel need not appear in this matter or any new matters between the parties unless specifically ordered by the court.
5. That the hearing on Daniel Sheetz's Motion to Vacate child support arrearage finding by Judge Vega is set for the 22nd day of May 2008 at 10:00 a.m.

**<u>Note</u>: Regarding Provision #5: There is no such motion. Sheetz was defaulted in an order by Judge Vega under Supreme Court Rule 219. This provision evidences a well-established pattern of practice of actors in the Cook County Family Court racketeering enterprise to target and exploit the abused children of domestic violence for the purposes of the perpetrator avoiding court-ordered child support obligations while the actors benefit financially.**



**Order** CCG N002-300M-2/24/05 ( )

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Sheila Mannix
Petitioner

v.

No. 93 D 2984

Daniel P. Shultz Sr.
Respondent

Page 1 of 3

**ORDER**

This cause coming on to be heard on the status of all pending matters & Sheila Mannix's second petition for self disqualification of Judge Brewer & for other relief, Sheila Mannix having been ordered to appear before this court on this date at 9:30 AM by prior court order issued on 2/11/08, Sheila Mannix failing to appear, she having notified this court by letter that she had filed a motion for this date in Lake County setting her Lake County motion on this date at the same time, counsel for Daniel Shultz, M. F. Amer appearing in court & David Wessel, the court appointed [illegible] for the parties' minor children appearing, Leavin, and the court having heard the arguments of counsel & being fully advised in the premises.

Atty. No.: ______

Name: ______

Atty. for: ______

Address: ______

City/State/Zip: ______

Telephone: ______

ENTERED:

Dated: ______, ______

______
Judge                Judge's No.

Ex B

Order CCG N002-300M-2/24/05 ( )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

[illegible]

v.

[illegible]

No. 73 D 2984

Page 2 of 3

ORDER

It is hereby ordered:

1. That [illegible] is denied leave to file his [illegible] motion to disqualify Judge [illegible] and for other relief.

2) That all of [illegible] previously filed petitions [illegible] are barred.

3) That [illegible] as attorney for Respondent [illegible] and Court [illegible] do not have to answer any pleadings filed by [illegible] in all pending matters or any new matters unless specifically ordered [illegible] by court order.

Atty. No.: [illegible] Attorney for the Respondent [illegible] [illegible] in this matter [illegible] unless specifically ordered by the court.

Name: [illegible]

Atty. for:

Address:

City/State/Zip:

Telephone:

ENTERED:

Dated: ______, ______

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EX B

Order CCG N002-300M-2/24/05 ( )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Sheila Mannix

v.

Daniel Meitz

No. 99 D 2984

[illegible] 3

ORDER

It that hearing in Daniel Sheetz motion to vacate the child support arrearage finding by Judge Vega to set for the 22nd day of May 2008 at 10:00 AM.

Atty. No.: 21987

Name: Mitchell F. A[illegible]

Atty. for: Daniel Sheetz

Address: 157 N. Brockway

City/State/Zip: Palatine IL 60067

Telephone: 847-359-8880

ENTERED:

Dated: ,

Judge Eileen Mary Brewer

APR 08 2008

Judge Judge's No.

Circuit Court - 1841

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EX B