

FILED

APR 14 2008
Apr 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA A. MANNIX, individually and as next friend of KEVIN MANNIX SHEETZ and BRIAN SPERRY SHEETZ<br>Plaintiffs,<br><br>v.<br><br>DANIEL P. SHEETZ, SR.<br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 08 C 1883<br><br>Emergency Judge Matthew F. Kennelly<br><br>Presiding Judge Milton I. Shadur<br><br>Magistrate Judge Michael T. Mason<br><br>Jury Demand Requested |

---

**VERIFIED MOTION TO RECONSIDER THE MINUTE ORDER ENTERED BY JUDGE SHADUR ON 4/3/08 AND INVOKE 18 U.S.C. § 4: MISPRISION OF FELONY**
**FRCP Rule 65, 18 U.S.C. §§ 1961-1968, 18 U.S.C. §§ 1512 and 1513**
**28 USC 455: Disqualification of judge**

---

**COME NOW**, on this 14th day of April 2008, the Plaintiffs, SHEILA A. MANNIX (hereinafter, "Dr. Mannix"), KEVIN MANNIX SHEETZ (hereinafter, "Kevin"), and BRIAN SPERRY SHEETZ (hereinafter "Brian") (hereinafter collectively "Plaintiffs"), as and for their **Verified Motion to Reconsider the Minute Order Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. 4: Misprision of Felony**, to respectfully move the Court (1) to self-evaluate his ability to adjudicate this public interest matter with impartiality, (2) to reconsider and reverse his minute order of April 3, 2008 which denied Plaintiffs' motion for leave to proceed in forma pauperis [Dkt. No. 4], denied Plaintiffs' motion to appoint counsel [Dkt. No. 5], and dismissed the action [Dkt. No. 1] seeking a preliminary injunction to enjoin the Defendant and those acting

1

in conspiracy with him from further proceedings in the Plaintiffs' Cook County case pending the filing of their civil RICO complaint in light of the immediate and imminent ongoing criminal retaliation against the Plaintiffs as evidenced by the <u>immediate</u> retaliation against the Plaintiffs on April 3, 2008 by Cook County Judge Eileen M. Brewer who is apparently involved in the verified illicit interstate organized crime enterprise operating in the Family Court in the Daley Center, and (3) to invoke mandatory reporting of criminal acts under 18 U.S.C. 4: Misprision of Felony. In support thereof, the Plaintiffs have filed **Affidavit of Sheila A. Mannix in Support of Plaintiff's Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants and Verified Motion to Reconsider the Minute Order Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. 4: Misprision of Felony** and state as follows:

**INTRODUCTORY STATEMENT**
**Request for Self-Evaluation under 28 USC 455: Disqualification of Judge**

1. That the recorded proceedings before assigned Judge Shadur on April 3, 2008 evidence a question of his ability to adjudicate this public interest matter with impartiality. Judge Shadur's statements from the bench included statements regarding Operation Greylord, multiple judges' incarcerations, and the US Attorney.

2. During the proceeding, Dr. Mannix revealed the organized crime element in the underlying civil RICO cause of action which is detailed in Exhibit F, a document in the Lake County Recorder's Office, attached to the underlying emergency application for temporary restraining order and which affidavit states at Page 5, Paragraph 20:

> "20. I am of information and belief that I have been unable to find a state or federal trial, appellate, or supreme court judge to uphold my teenaged sons' and my constitutional and civil rights and liberty interests as well as enforce binding

> state and federal civil and criminal laws in my family's post-divorce case and protection order cases because of the apparent involvement of multiple Circuit Court of Cook County judges in an interstate organized crime family enterprise involving the Sucato Family and the Maricopa County Recorder's Office in Arizona about which I testified under oath on October 13, 2006 in the Cook County Case No. 98 CH 11007, Mary Carr and Mario D'Agostino v Michael Lynch, et al."

3. Further, in response to Judge Shadur's apparent pre-judgment and multiple statements invalidating Dr. Mannix's argument that the matter involved a federal RICO action, Dr. Mannix was forced to assertively put forth the quote from the First District Appellate Court opinion issued on February 27, 2008, involving her above-referenced testimony specifically, "she **produced direct evidence** regarding several other judges' involvement in the bribery scheme," [Page 8, last paragraph; Emphasis added.] found at Page 11, Paragraph 30 under **A: Substantial Likelihood of Success on the Merits.**

4. That Dr. Mannix intimately appreciates the burden of this public interest matter involving organized crime as she awakes each day with the pray on her lips to be given the strength to do her civil and moral duty and find the willingness to sacrifice her life in the service of Love on behalf of the nation's suffering children, including her own sons, as any true patriot of democracy and loyal, lawful, non-violent lover of our great US Constitution would do for the nation's disenfranchised child-victims of crimes **"cognizable by a court of the United States"** under 18 U.S.C. §§ 1961-1968 and 18 U.S.C. § 4.

5. In support of her request for self-evaluation, Dr. Mannix respectfully quotes Richard Goodwin, past presidential advisor to JFK and LBJ, Promises to Keep, A Call for a New American Revolution (1992):

> **Those who have acted to diminish the nation - businessmen, bankers, politicians, and others who possess public power - have forfeited their claim to leadership. The**

3

> organs of representative democracy themselves seem increasingly impotent to fulfill their constitutional obligations. They have been paralyzed, in part corrupted, by powerful interests that aggrandize themselves at the expense of the public good. The very political structures designed to prevent the abuse of the many by those factions that control concentrated wealth and private power have become their servants and accomplices in the deterioration of American life. They have demonstrated their incapacity to govern in accordance with the principles that brought us greatness…
>
> The grandson of immigrants who fled poverty, persecution, and hopelessness, I was given the opportunity to attend some of America's finest schools, and in my twenties, to serve in the White House as assistant special counsel to the President of the United States... I never forgot - no one could forget - how much the descendents of my immigrant ancestors, including myself and my children, owe this wonderful country to which we belong... As the times have changed, so have the necessities and direction of public action. I return to the 1960s of my youth only in memory. It was a time, like few other moments in America, when many believed that history itself could be bent to the just needs of humanity. I believe that still. Thus, now, many years later, with words my only weapon, I labored to write this modest and incomplete essay in hopes of arousing others to a quest for healing change. Not from a sense of obligation. But out of love - love for this great country, and a belief in its possibilities equal to that which has brought so many millions to the shore of hope.

6. That Dr. Mannix respectfully and humbly requests that assigned Judge Shadur self-evaluate his ability to adjudicate this public interest matter with impartiality in light of the supported, well-pled facts of the case, the immediate criminal retaliation evidenced on April 3, 2008, his Oath of Office, and binding authorities.[28 U.S.C. § 455, "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned;" U.S. v. Antar, 53 F. 3d 568 (3rd Cir. 1995), "…By the statutory language itself, though, Section 455(a) mandates an objective rather than a subjective inquiry… 'The Judge does not have to be subjectively biased or prejudiced, so long as he *appears* to be'… But in determining whether a judge had the duty to disqualify him or herself, our focus must be on the reaction of the reasonable observer. If there is an appearance of

partiality, that ends the matter;" Rice v. McKenzie, 581 F.2d 1114 (4th Cir. 1978), "The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances... Our task, then, is to determine whether a reasonable person would have had a reasonable basis for doubting the judge's impartiality ...we cannot be influenced by our own faith in the integrity of a particular judge... The inquiry begins and ends with a determination whether a reasonable person would have had a reasonable basis for doubting the judge's impartiality;" Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)]

## BACKGROUND

7. On April 2, 2008, Plaintiffs filed their Emergency Complaint for Application for Temporary Restraining Order Without Notice and Preliminary Injunction, under FRCP Rule 65, 18 U.S.C. §§ 1961-1968, and 18 U.S.C. §§ 1512 and 1513, seeking emergency protection and relief from criminal retaliation by the Defendant and those acting in conspiracy with him in the family's post-divorce case in the Circuit Court of Cook County, while they file their civil RICO complaint within 90 days. [Dkt. No. 1] The emergency action stated in the preamble, "to respectfully move the Court (1) to issue a temporary restraining order without notice *instanter* due to criminal retaliation against the Plaintiffs enjoining the Defendant from further proceedings under Cook County Case No. 93 D 2984, et al, including the proceeding scheduled for tomorrow April 3, 2008."

8. Additionally, on April 2, 2008, Plaintiffs' filed a Motion for Appointment of Counsel with attached In Forma Pauperis Application and Financial Affidavit. [Dkt. Nos. 4 and 5]

5

9. On the afternoon of April 2nd, after argument, Emergency Judge Kennelly found that no irreparable harm would occur before the 9:30 a.m. court call of the state case on the following morning. He denied the TRO, entered the motion for preliminary injunction, and continued the matter for hearing before assigned Judge Shadur at 9:15 a.m. on the 3rd. [Dkt. No. 6]

10. On April 3, 2008, while Dr. Mannix was appearing before assigned Judge Shadur, with full knowledge that Dr. Mannix was not able to appear before her [**Exhibit A**] and in the presence of defendant's attorney's Mitchell Asher and Steven Rissman, and court-appointed attorney, David Wessel, Cook County Judge Eileen M. Brewer entered a retaliatory void order striking Plaintiffs' pleadings unlawfully languishing at issue since 2005 before the late Judge James G. Donegan, which pleadings represent over **$400,000** due to the Plaintiffs.

11. That Plaintiffs' have provided this Court with their **Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants**, noticed for presentation on April 17, 2008, which is incorporated herein by reference in entirety.

12. On April 3, 2008, Judge Shadur dismissed the case in an minute entry which stated in pertinent part, "MINUTE entry before Judge Honorable Milton I. Shadur for leave to proceed in forma pauperis[4] denied as moot; Motion to appoint counsel [5] is denied as moot; Motion hearing held on 4/3/2008. This action is dismissed for lack of subject matter jurisdiction. Civil case terminated."

## JURISDICTION ISSUE

13. On April 3, 2008, Judge Shadur made the reversible error that this Court lacks subject matter jurisdiction of the action. Judge Shadur based his erroneous finding by citing the Anti-Injunction Act, Domestic Relations Exemption, and Rooker-Feldman Doctrine, which Dr.

6

Mannix argued have nothing to do with the instant case. This case is a federal civil RICO action under 18 U.S.C. §§ 1961-1968 regarding the racketeering enterprise operating in the Plaintiffs' state court case which fact was verified by the February 27, 2008 opinion issued by the First District Appellate Court in Cook County Case No. 98 CH 11007, Mary Carr and Mario D'Agostino v Michael Lynch, et al., regarding October 13, 2006 proceedings at which Dr. Mannix testified as a victim, witness, and informant of the corruption in Chicago's family court and her family's case and which opinion stated in pertinent part: "Although Mannix did not provide Lynch with any information regarding Judge White, she **produced direct evidence** regarding several other judges' involvement in the bribery scheme." [Page 8, last paragraph; Emphasis added.]

14. After assertive argument by Dr. Mannix, Judge Shadur acknowledged criminal acts when he stated from the bench that multiple judges went to jail as a result of Operation Greylord and that the matter was more properly under the jurisdiction of the US Attorney.

15. That Judge Shadur knew or should have known that the Plaintiffs' have a federally-protected, constitutionally-secured right to pursue protection and relief from the federal court in the form of a civil RICO action in addition to the fact he acknowledged that the US Attorney has the authority to pursue a criminal RICO action [in conjunction with the US Congress, et al. (See below.)].

16. After ignoring Plaintiffs' motion for representation in this matter, Judge Shadur made the reversible error that evidences impropriety and a lack of impartiality that Dr. Mannix is a naïve unrepresented mom of Kevin and Brian despite Dr. Mannix's statement that she is versed in state and federal civil and criminal jurisdictional law. In support of the point, Dr. Mannix, co-founder

of Illinois Family Court Accountability Advocates, quotes from the written draft of the speech she was invited to deliver at the national Family Preservation Day rally on August 18, 2007 at the foot of the Lincoln Memorial in our nation's capital which draft can be found at www.dcrally2007.com; Left menu: Speakers; Left menu: Sheila Mannix:

> So a key part of the problem dictates a key part of the solution, specifically, the apparent cooperation of alleged corrupt public officials and their criminal counterparts must be countered with an equal and opposite cooperation of our state and federal criminal and legislative authorities due to a Jurisdictional Pandora's Box. Simply put, jurisdiction is the power of a civil or criminal authority to do something in their official capacity. So, for example, a district Assistant US Attorney like Assistant US Attorney Patrick Fitzgerald cannot prosecute a state family court judge if he knows that the involvement of higher ranking officials over whom he lacks jurisdiction will be exposed. Only the US Congress and the US Attorney General here in DC have the jurisdiction to take on the public corruption in our federal executive and judicial branches of the federal government. Only our state legislatures and local district Assistant US Attorneys have the jurisdiction to take on the public corruption in our state executive and judicial branches. And this corruption includes some of our state governors and state attorney generals...

> We need our district federal courts to enter temporary retraining orders and preliminary injunctions against the nation's state family courts in every state pending state judiciary hearings and then order permanent injunctions with significant sanctions in those states in which judicial crimes are proven. The Temporary Restraining Orders must include the freezing of all family court judges' assets and the ordering of a forensic audit of the judges' financial holdings to establish if their mandatory Economic Interest Disclosure Statements reconcile with these holdings. Evidence indicates that many will not match up.

> This is not about preventing federal government interference in traditional state court interests or preventing federalism. I assert that the Domestic Relations Exception is unconstitutional in the face of the abundant material evidence of criminal state court interference in federally-protected civil rights and liberty interests including parenting rights and property rights such that the US Congress under the Anti-Injunction Act has already bestowed upon our district federal courts the authority to order injunctions against state courts to aid in its federal jurisdiction to stop the deprivations of our civil rights under the color of law.

> One could argue with confidence that in the face of the abundant material evidence of criminal state court interference in federally-protected parenting rights and property rights that tens of thousands of cases fall squarely within the

8

> exceptional circumstances of the Younger Absention Doctrine, specifically, for prosecution in bad faith in a pattern of harassment against citizens, including the nation's children, for whom the US Supreme Court ruled US Constitutional rights apply equally as for adults.
>
> This is not about a separation of powers. I contend that those with the authority to act irresponsibly abdicate their duty to act by claiming the principle of separation of powers. This is about the democratic principle of checks-and-balances. One could argue with confidence that the Founding Fathers did not give the legislative branch impeachment power over the executive and judicial branches in the face of anticipated abuses of power on a whim. It is this power and solid jurisdictional authority to act that must be engaged to help stop the crimes being committed against our children and ourselves by corrupt public officials.

17. That Judge Shadur's ruling on April 3, 2008 that the federal court lacks subject matter jurisdiction over this civil RICO action is a reversible error and should be reversed *instanter* due to the criminal retaliation evidenced on April 3,. 2008 as detailed above and further evidenced in the **Affidavit of Sheila A. Mannix in Support of Plaintiff's Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants and Verified Motion to Reconsider the Minute Order Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. 4: Misprision of Felony**, which affidavit, incorporated by reference herein in entirety, verifies acts of retaliation dating back to October 2005 resulting in immediate and irreparable injury, harm, loss, and/or damage in direct and repeated violations of 18 U.S.C. §§ 1961-1968 and 18 U.S.C. §§ 1512 and 1513 against the Plaintiffs' by the Defendant and his co-conspirators.

**MANDATORY DUTY TO REPORT UNDER 18 U.S.C. § 4: MISPRISION OF FELONY**

18. That 18 U.S.C. § 4: Misprision of Felony stated in pertinent part:

> **Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military**

9

**authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.**

19. On April 3, 2008, after Judge Shadur established his knowledge of the criminal acts during argument, Dr. Mannix (A.) orally asserted that the February 27, 2008 opinion issued by the First District Appellate Court in Cook County Case No. 98 CH 11007, Mary Carr and Mario D'Agostino v Michael Lynch, et al., regarding proceedings on October 13, 2006 at which Dr. Mannix testified as a victim, witness, and informant of the corruption in Chicago's family court and which opinion stated in pertinent part: "Although Mannix did not provide Lynch with any information regarding Judge White, she **produced direct evidence** regarding several other judges' involvement in the bribery scheme." [Page 8, last paragraph; Emphasis added.] and (B.) orally asserted that Plaintiffs' Exhibit F of Lake County Recorder's Office Document 6324306 which Judge Shadur held in his hand, (C.) invoked Judge Shadur's mandatory duty to report under 18 U.S.C. § 4: Misprision of Felony.

20. Judge Shadur ended the proceeding and left the bench.

21. On behalf of the nation's suffering children who are the victims of the same crimes being perpetrated against them by a criminal enterprise based in Maricopa County, Arizona in conspiracy with corrupt public officials in our nation's judicial and executive branches of state and federal government about which the underlying emergency complaint contains material evidence, Dr. Mannix, humbly, respectfully, and with a deep reference for the spiritual principles upon which our great US Constitution is based, (1) formally invokes Judge Shadur's duty to report under 18 U.S.C. § 4: Misprision of Felony and requests a separate order with specificity notifying US Attorney Patrick Fitzgerald and FBI-Chicago Director Robert Grant of "**the actual commission of felon(ies) cognizable by a court of the United States**" as evidenced in

10

Plaintiff's emergency filing, (2) directing Dr. Mannix to deliver said order and document to US Attorney Fitzgerald and FBI-Chicago Director Grant, and (3) directing Dr. Mannix to execute an affidavit of service which she must file into the record of this case, thereby establishing compliance by Judge Shadur and Dr. Mannix with their mandated duty under federal law.

## CONCLUSION

22. Dr. Mannix, as an indigent, unrepresented, non-attorney litigant who is seeking representation for the Plaintiffs from the Court, is well aware that she cannot possibly create documents like a trained attorney, therefore she cites supporting authorities which acknowledge this fact and ruled that *pro se* pleadings are to be considered without undue focus on technicality, but rather **focus on substance** and **the just adjudication of the matter before the court**; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers. [Haines v. Kerner, 92 S.Ct. 594; Jenkins v. McKeithen, 395 US 411, 421 (1969); Picking v. Penna. Rwy. Co. 151 F.2d 240; Puckett v. Cox, 456 F.2d 233; Hughes v. Rowe, et. al. (1980), 101 S. Ct. 173]

23. Dr. Mannix asserts that the verified actions of the defendant in conspiracy with named (and as yet un-named) co-defendants clearly set forth herein, in Plaintiffs' **Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants** incorporated by reference herein, and in the underlying emergency complaint represent **a clear and present danger to the administration of justice** in direct violation of federal RICO law as defined by 18 U.S.C. §§ 1961 and in direct violations of 18 U.S.C. §§ 1512 and 1513 resulting in immediate and irreparable injury, harm, loss and/or damage to the Plaintiffs, which warrant the granting of the Plaintiffs' relief in entirety *instanter*.

## **PRAYER FOR RELIEF**

The Plaintiffs, SHEILA A. MANNIX, KEVIN MANNIX SHEETZ and BRIAN SPERRY SHEETZ, for reasons set for clearly herein, in good faith and for just cause and warranted in law and in fact and supported by affidavit, respectfully pray as follows:

[1] For an order reversing the minute order of 4/3/08;

[2] For an order granting the Plaintiffs' motions to proceed in forma pauperis and appoint counsel;

[3] For an order incorporating the order of Judge Kennelly entered on April 17, 2008 and/or amending in the co-defendants, issuing the temporary restraining order without notice, setting the preliminary injunction for hearing, and granting the Plaintiffs leave to file a complaint under 18 U.S.C. §§ 1961-1968 ("RICO") within 90 days [proposed order previously submitted];

[4] For an order with specificity, under 18 U.S.C. § 4, notifying US Attorney Patrick Fitzgerald and FBI-Chicago Director Robert Grant of "**the actual commission of felon(ies) cognizable by a court of the United States**" as evidenced in Plaintiff's emergency complaint, directing Dr. Mannix to deliver said order and document to US Attorney Fitzgerald and FBI-Chicago Director Grant, and directing Dr. Mannix to execute an affidavit of service which she must file into the record of this case; and

[5] For an order directing Dr. Mannix to deliver all orders entered herein to the Defendant and named Co-Defendants by personal service by Monday, April 21, 2008, except that Defendant Estate of James G. Donegan shall be served by certified US Mail by Monday, April 21, 2008.

Date: April 14, 2008                                                                      Respectfully submitted,

_[signature]_
SHEILA A. MANNIX
1118 RFD
Long Grove, Illinois 60047
(847) 971-6679

SUBSCRIBED and SWORN to before me on this 14th day of April, 2008.

_Elizabeth S. Miller_
NOTARY PUBLIC

OFFICIAL SEAL
ELIZABETH S. MILLER
Notary Public – State of Illinois
My Commission Expires 3/10/12

**SHEILA A. MANNIX, PHD**

*Clinical Psychologist – Neuroscientist – Educator*

**1118 RFD, Long Grove, Illinois 60047**

**(847) 971-6679**

## COURTESY COPIES COMMUNICATION

Wednesday, April 2, 2008　　　　　　　　　　　　　　　　　Via Licensed Process Server

The Honorable Eileen M. Brewer
Domestic Relations Division
Circuit Court of Cook County
3008 Richard J. Daley Center
50 W. Washington St.
Chicago, IL 60602

Re:　　**Mannix v. Sheetz and Sheetz v. Sheetz Case No. 93 D 2984, et al.**

**COURT DATE: Thursday, April 3, 2008 at 9:30 a.m.**

To The Court and Counsels:

Pursuant to the Court's order of February 11, 2008, it is my understanding and belief that **Petitioner's Second Motion for Self-Disqualification of Judge Eileen M. Brewer or, In the Alternative, Second Verified Motion for Substitution of Judge for Cause for Conduct on 09/18/07 and 11/13/07** has been continued to Thursday, April 3, 2008 at 9:30 a.m.

Due to the First District Appellate Court opinion issued on February 27, 2008 in Cook County Case No. 98 CH 11007, Mary Carr and Mario D'Agostino v Michael Lynch, et al., at which I testified about the corruption in Chicago's family court and my family's case, Case No. 93 D 2984, et al, and about which the aforementioned opinion stated in pertinent part, "Although Mannix did not provide Lynch with any information regarding Judge White, she **produced direct evidence** regarding several other judges' involvement in the bribery scheme," [Page 8, last paragraph; Emphasis added.] **in the interest of the administration of justice,** I am formally requesting that Judge Brewer enter an order recusing herself from my family's case and removing the case to federal jurisdiction. To that end, please find enclosed a Notice of Filing and copy of Lake County Recorder's Office Document 6324306 entered into the public record on March 27, 2008.

Further, **in the interest of the administration of justice**, I am actively seeking to enjoin proceedings in my family's Cook County case. Please find enclosed the following Courtesy Copy of a **Motion For Stay *Instanter*** that is set in Lake County on April 3, 2008 at 9:00 a.m. In the event that this Court decides not to recuse and remove the matter to federal jurisdiction, may I please request a continuance of two months in this case pending the outcome of the interlocutory appeal as of right referenced in the aforementioned Lake County motion.

[EX A]

Further, **in the interest of the administration of justice**, please find enclosed a notice of motion and Petitioner's **Motion to Vacate as Void the Order of Judge Eileen Brewer Entered on February 11, 2008 and Request for Stay Pending Criminal Investigation**, which I noticed up for April 3, 2008. May I please request that this motion be entered and continued for two months pending the outcome of my active attempts to stay proceedings in my family's Cook County case.

Respectfully submitted,

Sheila A. Mannix, PhD

CC: David Wessel and Mitchell Asher
BCC

Enclosures

2

