

**APR 18 2008**

# FILED

APR 18 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHEILA A. MANNIX, individually and as next friend of KEVIN MANNIX SHEETZ and BRIAN SPERRY SHEETZ<br>Plaintiffs,<br><br>v.<br><br>DANIEL P. SHEETZ, SR.<br>Defendant. | Case No. 08 C 1883<br><br>Emergency Judge Matthew F. Kennelly<br><br>Presiding Judge Milton I. Shadur<br><br>Magistrate Judge Michael T. Mason<br><br>Jury Demand Requested |

## MOTION FOR STAY PENDING COMPLETION OF APRIL 2, 2008 TRANSCRIPT AND CONFIRMATION OF 4/2/08 & 4/3/08 TRANSCRIPTS' ACCURACY WITH AUDIO RECORDINGS

**COME NOW**, on this 18th day of April 2008, the Plaintiffs, SHEILA A. MANNIX (hereinafter, "Dr. Mannix"), KEVIN MANNIX SHEETZ (hereinafter, "Kevin"), and BRIAN SPERRY SHEETZ (hereinafter "Brian") (hereinafter collectively "Plaintiffs"), as and for their **Motion for Stay Pending Completion of April 2, 2008 Transcript and Confirmation of 4/2/08 & 4/3/08 Transcripts' Accuracy with Audio Recordings,** pursuant to binding authorities, to respectfully move the Court to hold off on ruling on Plaintiffs' **Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants and Verified Motion to Reconsider the Minute Order Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. 4: Misprision of Felony** until the transcript of 4/2/08 is

1

completed and Dr. Mannix is given the opportunity to confirm the transcripts' accuracy with the audio recordings. In support thereof, the Plaintiffs state as follows:

## INTRODUCTION

1. That the *Annotated Manual for Complex Litigation*, 4th Edition (2006) by David F. Herr. Citing Chapter 35, Civil RICO, p. 792-793, states in pertinent part:

> Congress enacted the 1920 Racketeer (Influence and Corrupt Organizations Act (RICO) to respond to the "infiltration of organized crime and racketeering into legitimate organizations operating in interstate commerce." Congress targeted organized crime through a broad statutory scheme that included severe criminal penalties, fines, imprisonment, asset forfeiture, and civil remedies in an effort to undermine the economic power of racketeering organizations. The statute further enabled private litigants to act, in effect, as private attorneys general to sue for injury to their businesses or property caused by a RICO violation.
>
> Civil RICO claims have alleged wrongs actionable under state and common law, as well as other federal statutes. Although the statute was targeted at organized crime, courts have broadly construed RICO's provisions, and its scope has extended well beyond its original aim. Early efforts by lower courts restrict claims that appeared to exceed RICO's original goals were overruled by Supreme Court decisions that broadened the statute's reach. RICO claims can now be found in a variety of contexts, including insurance and business disputes, anti[-]abortion and other protests consumer financial services litigation, **family law**, and whistle-blower actions. Although the nontraditional uses of RICO have continued to expand despite significant criticism by commentators and the courts, Congress has shown little inclination to narrow the state's focus or reach. [Emphasis added.]

2. Pursuant to the well-pled factual allegations of the underlying emergency complaint and subsequent filings supported by affidavit, evidence, and documentation, this Federal Court is a court of proper venue and jurisdiction over this federal question civil RICO action under 18 U.S.C. §§ 1961-1968 and 18 USC §§ 1512 and 1513.

## BACKGROUND

3. On April 2, 2008, Plaintiffs filed their Emergency Complaint for Application for Temporary Restraining Order Without Notice and Preliminary Injunction, under FRCP Rule 65, 18 U.S.C. §§ 1961-1968, and 18 U.S.C. §§ 1512 and 1513, seeking emergency protection and

relief from criminal retaliation by the Defendant and those acting in conspiracy with him in the family's post-divorce case in the Circuit Court of Cook County, while they file their civil RICO complaint within 90 days. [Dkt. No. 1] The emergency action stated in the preamble, "to respectfully move the Court (1) to issue a temporary restraining order without notice *instanter* due to criminal retaliation against the Plaintiffs enjoining the Defendant from further proceedings under Cook County Case No. 93 D 2984, et al, including the proceeding scheduled for tomorrow April 3, 2008."

4. Additionally, on April 2, 2008, Plaintiffs' filed a Motion for Appointment of Counsel with attached In Forma Pauperis Application and Financial Affidavit. [Dkt. Nos. 4 and 5]

5. On the afternoon of April 2nd, Dr. Mannix was informed that assigned Judge Shadur was feeling poorly and left work early. Due to the emergency nature of the matter and the imminent immediate and irreparable injury, harm, loss, and damage to the Plaintiffs in the underlying civil RICO action if a temporary restraining order did not issue before the following morning's proceedings in the state court case operating in violation of federal RICO law as defined by 18 USC § 1961, Dr. Mannix was sent to Emergency Judge Kennelly.

6. After brief argument, Emergency Judge Kennelly found that no irreparable harm would occur before the 9:30 a.m. court call of the state case on the following morning. He denied the TRO, entered the motion for preliminary injunction, and continued the matter for hearing before assigned Judge Shadur at 9:15 a.m. on the 3rd. [Dkt. No. 6]

7. On April 3, 2008, <u>irrefutably proving that the Plaintiffs' federal question civil RICO action is a meritorious cause of action</u>, while Dr. Mannix was appearing before assigned Judge Shadur, with full knowledge that Dr. Mannix was not able to appear before her and in conspiracy

3

with defendant's attorney's Mitchell Asher and Steven Rissman, and court-appointed attorney, David Wessel, in a *ex parte* proceeding in the clear absence of all jurisdiction and in violation of statutory strictures, Cook County Judge Eileen M. Brewer entered a retaliatory void order barring Plaintiffs' pleadings unlawfully languishing at issue since 2005 before the late Judge James G. Donegan, which pleadings represent over **$400,000** due to the Plaintiffs.

8. On April 3, 2008, despite assertive argument that the matter was a civil RICO solidly under federal jurisdiction, Judge Shadur dismissed the case in an minute entry which stated in pertinent part, "MINUTE entry before Judge Honorable Milton I. Shadur for leave to proceed in forma pauperis[4] denied as moot; Motion to appoint counsel [5] is denied as moot; Motion hearing held on 4/3/2008. This action is dismissed for lack of subject matter jurisdiction. Civil case terminated."

9. On April 14, 2008, Plaintiffs filed the following:

    a. **Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants** for presentation on April 17, 2008 before Judge Kennelly.

    b. **Verified Motion to Reconsider the Minute Order Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. § 4: Misprision of Felony** for presentation on April 18, 2008 before Judge Shadur, and

    c. **Affidavit of Sheila A. Mannix in Support of Plaintiff's Verified Motion to Reconsider the Order of Em. Judge Kennelly Entered on 4/2/08 and Amend in Co-Defendants and Verified Motion to Reconsider the Minute Order**

**Entered by Judge Shadur on 4/3/08 and Invoke 18 U.S.C. § 4: Misprision of Felony** in support of both of the above motions.

10. Said motions request a self-evaluation under **28 USC § 455: Disqualification of judge**.

11. On April 17, 2008, Judge Kennelly said that Judge Shadur was the assigned judge and continued the matter until April 18, 2008 before Judge Shadur.

12. Dr. Mannix asserted that the judge who entered the order is supposed to hear the reconsideration of it because Judge Shadur does not know what went on during the proceedings between Judge Kennelly and herself [especially given the fact that Judge Kennelly's order states, "Motion for TRO is denied for the reasons stated in open court."]. She asserted that the transcript would be required before Judge Shadur could adjudicate the Plaintiffs' motion to reconsider Judge Kennelly's order. Judge Kennelly appeared to concur.

## AUGUMENT

### A. Question of Jurisdcition Waived

13. That Dr. Mannix asserts that there is a question of whether the jurisdiction issue has been waived because Emergency Judge Kennelly entered his erroneous ruling based on the finding that no immediate and irreparable harm would occur between the afternoon of April 2, 2008 and the 9:30 a.m. court call in the state court and set the matter for 9:15 a.m. before Judge Shadur.

14. Dr. Mannix believes that, from her memory, there was no mention of a jurisdictional issue by Judge Kennelly. That from her presentation of the matter involving a federal question civil RICO action, the involvement of organized crime, and violations of 18 USC §§ 1512 and 1513 against the Plaintiffs, jurisdiction and venue were not at issue and any question of them by the court was waived.

15. Therefore, Dr. Mannix asserts that an accurate transcript of the April 2, 2008 proceedings before Judge Kennelly is required before this matter can proceed before Judge Shadur in accordance with Fourteenth Amendment due process of law rights.

**B. Right to Confirm Accuracy of the Transcripts**

16. Dr. Mannix is of information and belief that in Smith v. U.S. District Court Officers, C.A.7 (Ind.) 2000, 203 F.3d 440, the court ruled that audiotapes of proceedings in open court are "judicial records" within the meaning of the rule giving the public a right of access to the records of a judicial proceeding.

17. That the Report of Proceedings on April 3, 2008 included the following exchange [Page 9, Line 23 to Page 10, Line 4]:

| | |
|---|---|
| **Dr. Mannix** | **So I am asking your Honor to help me. I am asking your Honor to realize that I have filed a very serious document. And I am afraid - -** |
| **Judge Shadur** | **I realize that you have filed serious document. But the point is that you have asked the court for relief that the Court does not have the subject matter jurisdiction to provide.** |

18. That the Plaintiffs have a right to confirm the accuracy of the transcripts of April 2, 2008 and April 3, 2008, given the seriousness of the underlying RICO action involving verified judicial corruption pursuant to Dr. Mannix's testimony about same on October 13, 2006 which led to the First District Appellate Court opinion, "she produced direct evidence of several other judges' involvement in the bribery scheme." [See underlying complaint [Dkt. No. 1] at Page 11, Paragraph 30, A. **Substantial Likelihood of Success on the Merits**.]

19. That the Plaintiffs have a right to confirm the accuracy of the transcripts of April 2, 2008 and April 3, 2008, given the seriousness of the underlying RICO action involving verified

violations of 18 USC §§ 1512 and 1513 against them by the defendant and the named and as yet un-named co-defendants resulting in immediate and irreparable injury, harm, loss, and damage to the Plaintiffs.

**C. Question of Lack of Impartiality**

20. That the Plaintiffs have a right to confirm the accuracy of the transcripts of April 2, 2008 and April 3, 2008 given a question of lack of impartiality evidenced in the proceedings of said days.

21. The fact that Judge Kennelly appeared to grasp the gravity of the matter in the well-pled emergency complaint, but continued the matter instead of protecting the Plaintiffs would lead any reasonable person knowing the facts and circumstances of the case to question Judge Kennelly's impartiality.

22. The Report of Proceedings on April 3, 2008 also included the following exchange [Page 4, Line 24 to Page 5, Line 2]:

| | |
|---|---|
| **Dr. Mannix** | **It was heard before ex-judge Paddy McNamara, M-c-N-A-M-A-R-A.** |
| **Judge Shadur** | **Yes, I know Paddy from when she was in practice.** |

23. Judge Shadur's revelation of a prior relationship with ex-judge McNamara raises an issue of lack of impartiality because Exhibit F of the emergency complaint details misconduct by ex-judge McNamara and a document received from an organized crime family informant apparently "linked" with ex-judge McNamara's husband given, in part, her physical reaction to the sight of it when Mr. Lynch placed it on the witness bench before Dr. Mannix when she was on the stand.

24. While Dr. Mannix begged for protection and relief in the face of ongoing criminal retaliation against her and multiple, ongoing attempts to frame and falsely arrest her as a now

verified witness, victim, and informant of the corruption in the Cook County Court, which the complaint detailed is a pattern of practice in the state court's racketeering enterprise [see Page 10, Paragraph 26 for Dr. Mannix's testimony about same in the D'Agostino v. Lynch hearing] Judge Shadur then went on to state that himself and Dr. Mannix were "operating at cross-purposes" and then offered an analogy about a waiter regarding the jurisdiction issue and then a metaphor about a drunk to communicate to Dr. Mannix to stand down. Dr. Mannix responded, "Your Honor, I beg to differ, especially if it has to do with judicial corruption."

25. Without any disrespect whatsoever because Dr. Mannix would **NEVER** defile the sacrifices of the souls who have given their lives to afford the Plaintiffs the opportunity to be in the sacred halls of justice wherein disputes between parties are meant to be resolved with law versus violence[1], Dr. Mannix respectfully and humbly offers a metaphor regarding the question of lack of impartiality:

> **As a result of the recent finding in the D'Agostino v. Lynch case, the Plaintiffs have recovered a fumble inside the ten yard line and, on behalf of the suffering children of the nation, are going to take in it. They have the right to know if the federal judiciary is going to continue acting like a defense in a goal line stand or impartial referees.**

## CONCLUSION

---

[1] Dr. Mannix's grandfather, Henry Mannix, graduated from law school at 21 and shortly thereafter, headed up the Paris office of White & Case of New York in the 1930s. Grandfather Mannix went on to become a senior partner of White & Case. Dr. Mannix's father retired at 42 to give the remaining years of his life to public service, his last position as the chairman of the Connecticut State Board of Education. Dr. Mannix was raised in a family environment wherein *Thomas Paine's The Crisis* and *Richard Goodwin's Promises to Keep, A Call for A New American Revolution* was what one found next to the john among the magazines.

8

26. Dr. Mannix, as an indigent, unrepresented, non-attorney litigant who is seeking representation for the Plaintiffs from the Court, is well aware that she cannot possibly create documents like a trained attorney, therefore she cites supporting authorities which acknowledge this fact and ruled that *pro se* pleadings are to be considered without undue focus on technicality, but rather **focus on substance** and **the just adjudication of the matter before the court**; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers. [Haines v. Kerner, 92 S.Ct. 594; Jenkins v. McKeithen, 395 US 411, 421 (1969); Picking v. Penna. Rwy. Co. 151 F.2d 240; Puckett v. Cox, 456 F.2d 233; Hughes v. Rowe, et. al. (1980), 101 S. Ct. 173]

27. Dr. Mannix, as a verified witness, victim, and informant of judicial corruption, asserts that given the gravity of the matters at hand and the irrefutable past and imminent ongoing irreparable injury, harm, loss, and damage to the Plaintiffs as a direct result of retaliation and the state court proceedings operating in violation of Chapter 96 of the US Code: Racketeer Influenced and Corrupt Organization, the Plaintiffs have an ascertainable legal right to accurate transcripts of the judicial proceedings on April 2, 2008 and April 3, 2008 before this case can lawfully proceed.

## PRAYER FOR RELIEF

The Plaintiffs, SHEILA A. MANNIX, KEVIN MANNIX SHEETZ and BRIAN SPERRY SHEETZ, for reasons set for clearly herein, in good faith and for just cause and warranted in law and in fact and supported by affidavit, respectfully pray for an order staying proceedings pending the timely completion of the April 2, 2008 Report of Proceedings before Judge Kennelly and confirmation of the accuracy of the April 2, 2008 and April 3, 2008 Report of Proceedings by specifically allowing Dr. Mannix to set up a time with the court reporters of the April 2, 2008

and April 3, 2008 proceedings to confirm the accuracy of the transcripts with a review of the audio recordings of the proceedings.

Date: April 18, 2008

Respectfully submitted,

_____
SHEILA A. MANNIX
1118 RFD, Long Grove, Illinois 60047
(847) 971-6679